IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 20 PM 4:52

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| TERRANCE C. EDWARDS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2471-Ma/V |
| A. GANIER, et al., | X | |
| Defendants. | X | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff, Terrance C. Edwards, through counsel, filed this complaint, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall record the defendants as the A. Gagnier, L. Gladney, J. Vickery, Larry Godwin, Willie Herenton, and Fred Phillips. The Clerk shall not issue process in this case.

Edwards sues Memphis Police Officers A. Gagnier, L. Gladney, and J. Vickery, Memphis Police Director Larry Godwin, Memphis Mayor Willie Herenton, and Tennessee Department of Safety Commissioner Fred Phillips for the "unlawful taking of $6,700 and damages." Plaintiff alleges that on July 3, 2004, the defendant officers seized his automobile and stole $6,700 cash from the car's arm rest. He alleges that the Tennessee Department of Safety has unlawfully detained his car. Plaintiff alleges that this court has jurisdiction based upon the Fourteenth Amendment, which guarantees

freedom from governmental deprivations of property without due process and 42 U.S.C. § 1983.

The complaint contains no factual allegations about defendants Godwin, Herenton, and Phillips. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985).

Furthermore, defendants Godwin, Herenton, and Phillips cannot be held liable on the basis of their supervisory positions as Police Director, Mayor, and Commissioner. There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint is devoid of allegations that defendants Godwin, Herenton, and Phillips "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the

2

allegedly unconstitutional conduct described in the complaint was the direct result of a defendant's failure to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tennessee, 103 F.3d 495, 511-12 (6th Cir. 1996). It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that plaintiff relies entirely on the supervisory capacities of defendants Godwin, Herenton, and Phillilps as the sole basis for any claims against them.

Plaintiff cannot demonstrate that the remaining defendants have deprived him of property without due process as required to state a claim under 42 U.S.C. § 1983.

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Parratt[ v. Taylor, 451 U.S. 527,] 537 [(1981)]; Carey v. Piphus, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.

Zinermon v. Burch, 494 U.S. 113, 125-26 (1990)(footnote and some citations omitted). Generally, claims for deprivation of property without due process are not actionable under § 1983 if the deprivation of property could not have been anticipated and adequate state remedies are available to redress the deprivation. Id. at 132. See also Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir.

3

1985). When, however, an established procedure itself deprives a person of property, or contributes to the deprivation, the Due Process Clause is violated regardless of the availability of post-deprivation remedies. Zinermon, 494 U.S. at 136-37; Hudson, 468 U.S. at 532; Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); G.M. Engineers and Assoc. v. West Bloomfield TP, 922 F.2d 328, 331-32, 332 n.3 (6th Cir. 1990); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 199 (6th Cir. 1987).

To the extent plaintiff's property is or was the subject of a state administrative forfeiture, he had the right to contest the administrative proceeding and to seek judicial review of that proceeding in state court. If plaintiff's contention is that the administrative proceeding did not provide him with proper notice, he has no due process claim in federal court, because the judicial review available in state court adequately protected his due process rights. Notwithstanding any failure by the plaintiff to avail himself of those remedies, the available state law remedies satisfied his right to due process.

To the extent a state court has entered a ruling adverse to the plaintiff, this Court cannot review that decision.

> United States district courts . . . do not have jurisdiction[] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263

4

U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Furthermore,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Thus, to the extent that plaintiff might be attempting to challenge a state court ruling, he has no claim.

Although plaintiff contends that he sues for unlawful obstruction of justice, 18 U.S.C. §§ 1509-10 and 1513 do not create a right of action for a purported victim under federal law. Rather, the United States Attorney can enforce those statutes by criminal prosecution, and a victim can seek civil relief under applicable state law.

> The power to enforce these criminal statutes, however, has been delegated solely to the Attorney General of the United States. See e.g., Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (holding that only the United States can bring an action for criminal conspiracy to deprive another of their civil rights). No private right of action exists. See Newcomb v. Ingle, 827 F.2d 675, 676 n.1 (10th Cir. 1987)(violation of criminal conspiracy under 18 U.S.C. § 241 does not provide for a private cause of action).

Sadlier v. Payne, 974 F. Supp. 1411, 1413-14 (D. Utah 1997).

5

Any remaining claims for "unlawful breach of state statutory duty and common law and City of Memphis ordinances" arise under state law. Without a federal claim on which to base jurisdiction, the Court should not exercise supplemental jurisdiction over any state law claims.

Accordingly, this complaint fails to state a claim upon which relief can be granted and is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Accordingly, it would be inconsistent for a district court to determine that a complaint fails to state a claim upon which relief may be granted, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). Thus, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Service</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. <u>McGore</u>, 114 F.3d at 610.

IT IS SO ORDERED this 20th day of September, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of <u>Houston v. Lack</u>, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. <u>McGore</u>, 114 F.3d at 610.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02471 was distributed by fax, mail, or direct printing on September 21, 2005 to the parties listed.

Jack McNeil
MCNEIL LAW OFFICE
147 Jefferson Ave.
Ste. 1104
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT